**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOSE R.M.B.,

                    Petitioner,            Civil No. 26-3079 (JRT/ECW)

v.

KANDIYOHI JAIL ADMINISTRATOR, *in their official capacity*;

PETER BERG, *Director of St. Paul Field Office, U.S Immigration and Customs Enforcement, in their official capacity*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security, in their official capacity*;

TODD BLANCHE, *Attorney General of the United States, in their official capacity*;

                    Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Danielle Oxendine Molliver, **NWOKOCHA & OPERANA LAW OFFICES,** 105 Fifth Avenue South, Suite 550, Minneapolis, MN 55401, for Petitioner.

Carl Berry and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Jose R.M.B. is a citizen of Honduras who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota.  On June 24, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention

violate the Fifth Amendment of the U.S. Constitution, 8 U.S.C. § 1226(a) and its implementing regulations, and the Administrative Procedure Act (5 U.S.C. § 706). Because the Court concludes that Petitioner's arrest was unlawful, the Court will grant the petition and order Petitioner's immediate release.

## BACKGROUND

### I.   FACTS

Petitioner is a citizen of Honduras.  (Pet. for Writ of Habeas Corpus ("Pet.") ¶ 15, June 24, 2026, Docket No. 1.)  He has resided in the United States since approximately 2020. (*Id.* ¶ 15.)

On June 12, 2025, the "Willmar Police Department arrested Petitioner for giving a police officer a false name, driving after revocation and speeding."  (Decl. of Mario L. Trevino ("Trevino Decl.") ¶ 6, June 29, 2026, Docket No. 8.)  On the same day, U.S. Immigration and Customs Enforcement officials issued an I-200 administrative warrant for Petitioner's arrest based upon "the pendency of ongoing removal proceedings against the subject" and "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (*Id.* ¶ 7 & Ex. C.)  The warrant is signed, indicating that it was served, but neither the warrant nor the accompanying declaration indicate on what date the warrant was served.  (*See id.* ¶ 7 & Ex. C.)  However, the copy of Form I-213 ("Record of

Deportable/Inadmissible Alien") indicates that "On June 12, 2026 [Deportation Officer] Trevino responded to the Kandiyohi County Jail, identified himself as an immigration officer, served the I-200" and placed Petitioner under arrest.  (*Id.* ¶ 9, Ex. D at 2.)

## II.    PROCEDURAL HISTORY

On June 24, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, contending that his arrest and detention are unlawful under the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1226(a) and its implementing regulations, and the Administrative Procedure Act (5 U.S.C. § 706).  (Pet. at 8–10.)  The Court directed Respondents to file a reasoned memorandum responding to Petitioner's claims.  (Docket No. 5.)   Federal Respondents timely filed a response, and Petitioner replied.  (Docket Nos. 7, 9.)

### DISCUSSION

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

For many of the same reasons set forth in other recent cases of this Court— *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701 (D. Minn. May 5, 2026); *Hector J.A.S. v. Shea*, Civ. No. 26-2242, 2026 WL 1243500 (D. Minn. May 6, 2026)—the

Court concludes that Petitioner's arrest was unlawful and will therefore order his immediate release.[1]

First, to the extent that Petitioner's arrest is premised on the I-200 administrative warrant served on Petitioner on June 12, 2026, the Court concludes that the warrant is invalid. ICE's regulations empower officials, "**[a]t the time of issuance of [a] notice to appear**, or at any time thereafter and up to the time removal proceedings are completed," to arrest a noncitizen and take them into custody "under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1 (emphasis added). However, in this case, it appears removal proceedings were not commenced against Petitioner through a Notice to Appear until June 14, 2026—two days **after** his arrest pursuant to the I-200 warrant. (Trevino Decl. ¶ 9, Ex. B (Notice to Appear).) Accordingly, Petitioner's arrest pursuant to the I-200 warrant was unlawful.

Second, to the extent that Respondents rely on their authority to conduct warrantless arrests under 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1357(a), such arrest was unlawful. Certain immigration officials are empowered to make warrantless arrests of noncitizens with "reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). While there may have been probable cause

---

[1] Because the Court concludes that Petitioner's arrest and subsequent detention is unlawful for the reasons explained herein, the Court will not address Petitioner's other claims.

in this case to believe that Petitioner was unlawfully present in the United States, the record before the Court does not demonstrate that Petitioner was likely to escape before a valid warrant could be obtained for his arrest.

In sum, Petitioner's arrest was unlawful, and the proper remedy is his release. *See, e.g.*, *Francisco M.A.*, 2026 WL 1229701, at \*3; *Hector J.A.S.*, 2026 WL 1243500 at \*3.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jose R.M.B.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.  Respondents must also coordinate with Petitioner's counsel to ensure safe release.

3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on July 6, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

-6-

DATED: July 1, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                 United States District Judge